# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BRENDA M MITZE,

    Plaintiff,

  v.              Case No. 13-C-444

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

## ORDER DENYING MOTION TO SEAL

---

   Plaintiff Brenda Mitze filed a complaint seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability benefits. On May 22, 2014, this court issued its decision affirming the Commissioner's decision, and Plaintiff appealed. On June 9, 2015 the Seventh Circuit Court of Appeals issued its opinion affirming this court's decision. Mitze has now filed a motion requesting her case be sealed, noting that information about her medical conditions is available via the Internet and she has received "very disturbing and harassing phone calls from solicitors" seeking to sell her medications and medical devices. In addition, Ms. Mitze indicates that the availability of that information has caused her stress, as individuals can see information about her life and medical conditions by performing a Google search of her name. She asks the court to seal her case and indicates she will then take care of removing the information from the Internet.

   The general rule is that filings in federal court cases are open to the public. In United States District Court, Social Security appeals are handled differently than most civil cases. Rule 5.2(c) of the Federal Rules of Civil Procedure states:

Unless the court orders otherwise, in an action for benefits under the Social Security Act, and in an action or proceeding relating to an order of removal, to relief from removal, or to immigration benefits or detention, access to an electronic file is authorized as follows:

(1) the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record;

(2) any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to:

(A) the docket maintained by the court; and

(B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.

Mitze indicates that a Google search of her name brings up details of her medical history that she wishes to remain private.

To the extent Plaintiff's request is that the decision of this court and the court of appeals be sealed, her request must be denied. Plaintiff put her medical condition at issue in filing her action and the decisions of the courts asked to review the Commissioner's decision necessarily discussed the underlying evidence, both medical and otherwise, relating to her claim. While the administrative record must be sealed under Rule 5.2(c), the same is not true of the judicial decisions resolving her claim. The long-standing tradition in this country is that litigation is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination)"; *see also Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny."). The records and decisions of the courts should be within the public's view to allow the public access to the reasoning upon

which judicial decisions rest. *See Leavell*, 220 F.3d at 567. Unless the decision setting forth the reasoning of the court in resolving a claim are accessible, the public can have little confidence in the conclusions reached and decision made by the court.

It appears that Plaintiff is concerned about news reports recounting the decisions denying her claim. None of the actual transcripts, briefs, or medical records filed in the district court are available online. This court has no authority to prevent news agencies from writing about its decisions. Accordingly and for the foregoing reasons, the motion to seal (Dkt. No. 32) is **DENIED**.

**SO ORDERED** this __20th__ day of September, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court